IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen Eric Hunter, | ) | C/A No. 0:12-3378-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Edsel Taylor, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

     Petitioner Stephen Eric Hunter ("Hunter"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Hunter was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 18.) Hunter responded in opposition. (ECF No. 26.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Hunter's Petition denied.

## BACKGROUND

     Hunter was indicted in January 2010 in Charleston County for armed robbery (10-GS-10-266). (App. at 59-60, ECF No. 17-1 at 61-62.) Hunter was represented by Cassandra Winslow, Esquire, and on April 19, 2010 pled guilty as charged. (App. at 6, ECF No. 17-1 at 8.) The circuit court sentenced Hunter to ten years' imprisonment pursuant to a negotiated plea. (App. at 16-17, ECF No. 17-1 at 18-19.) Hunter did not file a direct appeal.

Hunter filed a *pro se* application for post-conviction relief ("PCR") on August 24, 2010 in which he raised the following issues:

Ineffective Assistance of Counsel: failure to investigate Appellant's case;

Violation of Due Process: sentence/conviction based on false information;

Unintelligent Guilty Plea: plea was based on faulty legal advice.

(Hunter v. State of South Carolina, 10-CP-10-6898; App. at 19-25, ECF No. 17-1 at 21-27.) The State filed a return. (App. at 26-31, ECF No. 17-1 at 28-33.) On January 24, 2011, the PCR court held an evidentiary hearing at which Hunter appeared and testified and was represented by Charles T. Brooks, III, Esquire. (App. at 32-51, ECF No. 17-1 at 34-53.) By order issued February 17, 2011, the PCR judge denied and dismissed with prejudice Hunter's PCR application. (App. at 52-58, ECF No. 17-1 at 54-60.)

Hunter appealed. In his PCR appeal, Hunter was represented by Robert M. Pachak, Esquire, who filed a Johnson[1] petition for a writ of certiorari on Hunter's behalf that presented the following question:

Whether petitioner's guilty plea was voluntarily and intelligently entered?

(ECF No. 17-2 at 3.) Hunter filed a *pro se* response to the Johnson petition on November 1, 2011 in which he presented the following questions:

Whether petitioner's guilty plea was voluntarily and intelligently entered?

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



Was petitioner's plea counsel ineffective for failing to investigate petitioner's case?

Whether petitioner's right to due process was violated by the use of false information against the petitioner?

(ECF No. 17-5 at 4.)  On June 20, 2012, the South Carolina Supreme Court denied Hunter's petition

for a writ of certiorari.  (ECF No. 17-6.)  The remittitur was issued July 9, 2012.  (ECF No. 17-7.)

This action followed.

## FEDERAL HABEAS ISSUES

Hunter's federal petition for a writ of habeas corpus raises the following issues:

**Ground One:**  Ineffective assistance of counsel/failure to investigate Petitioner's case
**Supporting Facts:**  Counsel's failure to validate the State's evidence allowed the solicitor to use altered and/or fraudulent victim's statement in this conviction.  Also counsel being fully aware that the Petitioner never confessed to the charge of armed robbery allowed the detective[]s in this case to falsify an affidavit to state that the Petitioner did in fact confess.  Counsel also allowed the use of this false affidavit against the Petitioner in this conviction[.]  Note:  Full brief + memorandum available upon request or when appropriate[.]

**Ground Two:** Plea was not intelligently and voluntarily entered
**Supporting Facts:** Counsel's mistatement of the law in relation to the facts misle[]d the Petitioner into believing the State could still prove armed robbery (even though co-defendant was not armed) if the victim believed that he was.  Counsel omitted having to a[l]lege to be armed while using a representation of anything the victim believed to be a weapon.  This misadvice induced guilty plea.  Note: video disputed armed robbery[.]

**Ground Three:**  Petitioner's right to due process of law was violated
**Supporting Facts:**  1) Detective[]s Barfield and Adams of the Charleston Police Dept. falsified an affidavit to state that the Petitioners confessed to armed robbery and also made same false testimony to Magistrate Judge David Vargo. 2) Solicitor used incorrect and/or fraudulent evidence (victim's statement) in this conviction[.]  Note:  Full brief + memorandum available whenever the court deems appropriate[.]

**Ground Four:**  Ineffective assistance of counsel/counsel allowed inadmissible evidence to be used against Petitioner
**Supporting Facts:**  The version of events used by the solicitor in this conviction was not the one the victim gave detective[]s[.]  Counsel's negl[i]gence allowed the



solicitor [to] commit an obvious Brady violation[.]  Also solicitor's version has not (to date) and cannot be authenticated which is a requirement of South Carolina law in order to be admissible in court.

(Pet., ECF No. 1 at 5-10.)  Hunter also alleges in his Petition that

3 other grounds will be submitted as attachments[:]  Ground 5) Solicitor committed Brady violation (Brady v. Maryland)[;]  Ground 6) Ineffective assistance of counsel/failed to clarify erroneous sentencing advice from the judge[;]  [Ground] 7) Ineffective Assistance of Counsel (Indictment Issue)[.]

(Id. at 11.)

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover,

state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

## C.    Exhaustion Requirements

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911



(4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### D.     Respondent's Motion for Summary Judgment

#### 1.      Procedural Bar

As an initial matter, the respondent argues that Grounds Three through Seven of Hunter's Petition are procedurally barred from federal habeas review. (ECF No. 17 at 11-13.) Specifically, Hunter alleges a violation of his right to due process (Ground Three) and a Brady violation by the solicitor (Ground Five). (ECF No. 1 at 3-10.) Hunter further alleges that plea counsel was ineffective in: (1) allowing inadmissable evidence to be used against him (Ground Four); (2) failing



to clarify erroneous sentencing advice from the judge (Ground Six); and (3) regarding an indictment

issue (Ground Seven).  (Id. at 10.)  Upon review of the record, the court finds that Grounds Three

through Seven are procedurally barred.  See Coleman, 501 U.S. 722 (stating that if an issue is not

properly raised to the state's highest court and would be procedurally impossible to raise now, then

it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971)

(stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the

state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated

in a federal habeas proceeding").  Moreover, these Grounds would be found to be procedurally

defaulted (or barred) under independent and adequate state procedural rules if Hunter attempted to

raise them now.  See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501

U.S. 722.

    In response to the respondent's motion for summary judgment, Hunter argues that Grounds

Three and Four are "fully encompassed" within Grounds One and Two.  (ECF No. 26 at 3, 5.)

Hunter further alleges that Grounds Five through Seven support his claims of ineffective assistance.[2]

(Id. at 7-10.)  However, the record indicates that the PCR court failed to rule on Ground Three of

Hunter's Petition, and that Grounds Four through Seven were not properly presented by Hunter to

the PCR court or state appellate court as independent issues.  See, e.g., Longworth, 377 F.3d at 448

(stating to exhaust his available state court remedies, a petitioner must "fairly present[] to the state

court both the operative facts and the controlling legal principles associated with each claim," *i.e.*,

"the ground must be presented face-up and squarely") (internal quotation marks and citation

---

[2] Even if the court concluded that listing these allegations as support for a claim was
sufficient to have fairly presented these allegations to the state appellate court, the court has
considered them in addressing Hunter's allegations that plea counsel failed to properly investigate
his case, and that plea counsel's ineffective assistance resulted in an involuntary guilty plea.



omitted).  Moreover, there is no indication in the record that Hunter filed a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on any of the allegations contained in Grounds Three through Seven.  Therefore, although the state appellate court reviewed Hunter's PCR appeal pursuant to <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988), even if these grounds were raised in the PCR action, they would not have been preserved for appellate review under state procedural rules.  <u>See</u> <u>Humbert v. State</u>, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue muse be raised to and ruled on by the PCR court to be preserved for appellate review); <u>Marlar v. State</u>, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review.").  Therefore, Grounds Three through Seven are procedurally barred unless Hunter can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  <u>Coleman</u>, 501 U.S. at 750.

Hunter appears to argue that if each allegation is not considered, a fundamental miscarriage of justice will occur.  (ECF No. 26 at 5-6.)  A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted.  However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence.  <u>Royal v. Taylor</u>, 188 F.3d 239 (4th Cir. 1999); <u>see</u> <u>also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt").  The court finds that Hunter's arguments fail to meet this standard and that Hunter has failed to demonstrate that, based on any new reliable evidence, it is more likely than not

that no reasonable juror would have found him guilty.  See Schlup, 513 U.S. at 327-29.  Accordingly, the court concludes that Grounds Three through Seven are procedurally barred.

### 2.    Grounds One and Two

Hunter argues that plea counsel was ineffective in failing to investigate his case, and that plea counsel's ineffective assistance resulted in an involuntary guilty plea.

### a.    Controlling Law Regarding Allegations of Ineffective Assistance of Counsel

A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

 To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).  To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial.' "³ Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned,

---

³ The court observes that the United States Supreme Court recently addressed the prejudice prong of the Strickland test where the plea offer has lapsed or been rejected due to counsel's deficient performance. Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012). However, the Court reaffirmed that the Hill analysis continues to apply to cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." Frye, 132 S. Ct. at 1409.



summary disposition and focus on the last reasoned decision of the state court). Having reviewed

the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that

the state court did not unreasonably misapply the <u>Strickland/Hill</u> test in determining that no Sixth

Amendment violation occurred.

### b.    PCR Court Testimony and Findings

### i.    Failure to Investigate

At the PCR hearing, Hunter testified that he confessed to taking money from a cash register,

but not to armed robbery. (App. at 42; ECF No. 17-1 at 44.) Hunter also testified that the victim's

statements were inconsistent, and that plea counsel failed to discover a change in the victim's

statement regarding the use of a weapon. (App. at 40-42; ECF No. 17-1 at 42-44.) Hunter further

alleged that surveillance video did not show the use of a weapon during the crime. (App. at 38-39;

ECF No. 17-1 at 40-41.) Hunter stated that he reviewed the evidence in his case, including the

surveillance video, with plea counsel and discussed whether a jury could find Hunter guilty of armed

robbery. (App. at 37-39; ECF No. 17-1 at 39-41.) Hunter conceded that, without video, a jury

would likely have taken the victim's word over Hunter's, and he may have been sentenced to more

than ten years of imprisonment if found guilty at trial. (App. at 40-41; ECF No. 17-1 at 42-43.)

Hunter further admitted agreeing with facts cited by the solicitor during the plea hearing, which

included the use of a box cutter knife by Hunter's co-defendant, and indicating to the sentencing

judge that he did not wish to change any of the facts recited. (App. at 43-44; ECF No. 17-1 at 45-

46.)

Plea counsel testified that evidence in the case included: (1) a surveillance video showing

Hunter and his co-defendant entering the gas station where the crime was committed; (2) the victim's

statement that a pocket knife was used during the crime; and (3) Hunter's taped oral confession in



which he admitted to the robbery but was "wishy-washy" regarding the use of a knife during the commission of the offense. (App. at 45-46; ECF No. 17-1 at 47-48.) Plea counsel stated that she personally spoke with the victim, who alleged that a knife was used during the offense. (App. at 46; ECF No. 17-1 at 48.) Plea counsel testified that she was unaware of any change in the victim's statement regarding the use of a weapon. (Id.) Plea counsel indicated that she spoke to Hunter about the conversation with the victim, showed Hunter the surveillance video, and discussed the elements of the offense and potential defenses with him. (App. at 46-48; ECF No. 17-1 at 48-50.) Plea counsel asserted that the solicitor's best offer was a negotiated plea to ten years for armed robbery, which Hunter decided to accept. (App. at 48-49; ECF No. 17-1 at 50-51.)

In rejecting Hunter's claims of ineffective assistance of plea counsel associated with a failure to investigate the case, the PCR court found plea counsel's testimony was credible. (App. at 55; ECF No. 17-1 at 57.) The PCR court held that plea counsel "conducted a proper investigation, and was thoroughly competent in her representation." (App. at 56; ECF No. 17-1 at 58.) Moreover, the PCR court stated:

> This Court finds that counsel properly discussed the knife issue with Applicant. Counsel testified that the victim contended all along that suspects had a knife during the robbery. Counsel watched the surveillance video with Applicant and adequately informed him of his options and his rights. Ultimately, Applicant decided to plead guilty and accept the negotiated sentence.

(Id.) Thus, the PCR court held that "counsel's representation did not fall below an objective standard of reasonableness," and Hunter failed to prove "that he was prejudiced by plea counsel's performance." (App. at 56-57; ECF No. 17-1 at 58-59.)

### ii.    Involuntary Guilty Plea

At the PCR hearing, Hunter testified that he told plea counsel that no one put a knife to the victim's neck during the robbery. (App. at 38; ECF No. 17-1 at 40.) Plea counsel purportedly

advised Hunter that the state could prove armed robbery if the victim reasonably believed a weapon was used. (App. at 37-38; ECF No. 17-1 at 39-40.) Hunter testified that plea counsel's advice was "partially true." (App. at 39; ECF No. 17-1 at 41.) However, upon reading the armed robbery statute in prison, Hunter believed that an additional element of the crime, "a representation" to use the weapon, was not present. (Id.) Hunter further testified that he was armed with a box cutter during the offense, but never took the weapon out of his pocket. (App. at 39; ECF No. 17-1 at 41.) Hunter conceded that the victim said "something about a knife," but "never said that somebody put a knife to his throat." (App. at 40; ECF No. 17-1 at 42.) Hunter testified that he "looked at the [surveillance] video" with plea counsel, and went over evidence with her. (App. at 37-38; ECF No. 17-1 at 39-40.) Hunter recalled telling the plea court during his plea hearing that he understood the nature of the charge, the possible punishment, and the meaning of a negotiated sentence. (App. at 43; ECF No. 17-1 at 45.) Hunter testified that the solicitor recited the facts of the offense at the plea hearing, which included the use of a box cutter knife, and Hunter agreed with those facts. (App. at 43-44; ECF No. 17-1 at 45-46.) Hunter told the plea court that he was satisfied with plea counsel, that he was not threatened or promised anything to plead guilty, and that he was pleading guilty freely and voluntarily. (App. at 44; ECF No. 17-1 at 46.)

Plea counsel testified that she met with Hunter four times in person and also communicated with him through letters. (App. at 47; ECF No. 17-1 at 49.) Plea counsel discussed with Hunter the elements of armed robbery, what the state was required to prove, and potential defenses to the charge. (Id.) Plea counsel testified that she showed Hunter the surveillance video and discussed the knife issue, "because that was the big holdup in the case, because time and time again, we had asked the solicitor for a strong-arm robbery offer." (App. at 47-48; ECF No. 17-1 at 49-50.) Plea counsel stated that the best offer made by the solicitor was a ten-year negotiated sentence for armed robbery.

(App. at 48; ECF No. 17-1 at 50.)  Plea counsel testified that she explained the negotiated sentence to Hunter, who made the decision to enter a guilty plea.  (App. at 48-49; ECF No. 17-1 at 50-51.)

In rejecting Hunter's claim that plea counsel's ineffective representation resulted in an involuntary guilty plea, the PCR court found that plea counsel conferred with Hunter on numerous occasions, "discussed the pending charges, the elements of the charges and what the State was required to prove, Applicant's constitutional rights, Applicant's version of the facts, and possible defenses or lack thereof."  (App. at 55-56; ECF No. 17-1 at 57-58.)  The PCR court found that "Applicant's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina." (App. at 56; ECF No. 17-1 at 58.)  The PCR court further stated:

> This Court finds that the record reflects that Applicant's plea was entered freely, voluntarily, knowingly, and intelligently.  Applicant acknowledged that he understood the nature of the charges and the possible punishments.  He told the court that no one had threatened him or promised him anything to get him to plead guilty. He agreed with the solicitor's recitation of the facts.  Applicant told the plea court that he was pleading guilty freely and voluntarily.  He also indicated that he was satisfied with plea counsel.  This Court finds that it was Applicant's decision to plead guilty with a full understanding of the consequences of the plea.

(Id.)

Accordingly, the PCR court held that Hunter failed to demonstrate that plea counsel's performance was deficient or that Hunter was prejudiced by any alleged deficiency.  (App. at 57; ECF No. 17-1 at 59.)

### c.    Conclusion

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Hunter cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively

unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

In response to the respondent's motion for summary judgment, Hunter essentially reiterates facts already presented in his Petition as support for his claims of ineffective assistance of counsel.[4] (ECF No. 26.) Upon careful review of the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Hunter has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered her performance deficient. Therefore, Hunter has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 16) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 25, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] To the extent that Hunter is requesting that the court consider additional evidence in support of his claims, the court observes that its review for habeas corpus purposes is generally limited to the evidence that was placed before the state court. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 n.7 (2011); see also 28 U.S.C. § 2254(d)(2). Hunter has not established that any exception to this general rule applies here. See Cullen, 131 S. Ct. at 1400-01; see also 28 U.S.C. § 2254(e)(2).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).